

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00181-CR
_____

IRISH SHUNTAY WARE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2017-C-0021

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Irish Shuntay Ware pled guilty to robbery and was placed on deferred adjudication community supervision for ten years under her plea bargain agreement with the State. The terms and conditions of Ware's community supervision required her to refrain from committing another criminal offense or consuming alcoholic beverages, among other things. The State moved to adjudicate Ware's guilt on several grounds, including that she committed the offense of driving while intoxicated (DWI) on June 1, 2019. After Ware pled true to this allegation and the trial court heard evidence on each ground in the State's motion, the trial court adjudicated Ware's guilt and sentenced her to twenty years' imprisonment.

On appeal, Ware claims she did not enter a plea of true to any allegation in the State's motion, but argues that her plea of true to one ground was involuntary because (1) she did not have fair notice of the basis of the revocation, (2) the motion to adjudicate lacked sufficient specificity, and (3) she was not made aware of the consequences of her plea. Ware also argues that the evidence was insufficient to support the trial court's finding that she violated the terms and conditions of her deferred adjudication community supervision and that her counsel rendered ineffective assistance in failing to object to the lack of specificity in the State's adjudication motion.

We find that Ware's claim that she did not plead true to any allegation in the State's motion is meritless, that Ware's arguments that her plea was involuntary are unpreserved, and that sufficient evidence supports the trial court's finding of true to at least one allegation in the State's

2

motion to adjudicate guilt. We also find that Ware cannot show that her counsel rendered ineffective assistance. As a result, we affirm the trial court's judgment.

**I.      Ware's Claim that She Pled Not True to all Allegations Is Meritless**

First, Ware claims that she pled not true to all allegations in the State's motion to adjudicate guilt. We find this claim is meritless since the record establishes otherwise.

After twelve of the allegations in the State's indictment were read, the trial court asked for Ware's plea, and Ware stated, "Some of them are not true." During Ware's clarification of which allegations were true, the record shows the following:

> THE COURT: There are two DWIs you've been arrested for since you were released from state jail?
>
>             . . . .
>
>       . . . To the allegations that you -- regarding the DWIs, you can enter a plea of "true" or "not true."
>
> THE DEFENDANT: It's true. One of them is true.
>
> THE COURT: Okay, okay.
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: One of those -- which one is true?
>
> THE DEFENDANT: I believe it's the June one.
>
> THE COURT: The June one is true.
>
> THE DEFENDANT: I think so.
>
> . . . .
>
> [BY THE STATE]: And she -- and I just want to be sure the record is accurate here. She is pleading "true" to our Allegation No. 3 that she did on or

about the 1st day of June intentionally and knowingly operate a motor vehicle under the influence?

THE DEFENDANT: Yes, sir.

THE COURT: True.

[BY THE STATE]: Very good, Your Honor. Thank you.

The reporter's record shows that Ware pled true to the State's allegation that Ware committed the offense of driving while intoxicated on June 1, 2019, in Panola County, Texas. As a result, Ware's claim that she pled not true to every allegation in the State's motion is meritless. We overrule Ware's first point of error.

## II. Ware's Arguments that Her Plea Was Involuntary Are Unpreserved

In her second point of error, Ware argues that her plea of true was involuntary because (1) she lacked fair notice of the basis of the revocation, (2) the pleadings lacked sufficient specificity to describe what conduct was committed to violate a term or condition of community supervision, and (3) she was not made aware of the consequences of her plea. We find Ware's point of error unpreserved.

First, Ware argues that she did not have fair notice of the State's third allegation, which alleged that she "**on or about the 1st day of June, 2019, in Panola County, Texas, did then and there intentionally operate a motor vehicle while under the influence**." She also argues that "operating under the influence" constituted an insufficient allegation since the motion failed to state that Ware was intoxicated and did not allege all essential elements of DWI.

"As long as the motion [to revoke or adjudicate guilt] provides adequate notice of the charges alleged, fundamental notions of fairness are satisfied, despite flaws in the motion."

4

*Marcum v. State*, 983 S.W.2d 762, 767 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (citing *Labelle v. State*, 720 S.W.2d 101, 108–09 (Tex. Crim. App. 1986)). Nonjurisdictional "[e]rrors in a motion to revoke probation must be pointed out to the trial court in a timely motion to quash." *Id.* (citing *Rodriguez v. State*, 951 S.W.2d 199, 204 (Tex. App.—Corpus Christi 1997, no pet.); *Longoria v. State*, 624 S.W.2d 582, 584 (Tex. Crim. App. [Panel Op.] 1981)). "In the absence of such motion, error, if any, is waived." *Id.* (citing *Gordon v. State*, 575 S.W.2d 529, 531 (Tex. Crim. App. [Panel Op.] 1978)). To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1).

Because Ware failed to file a motion to quash, her complaints about fair notice, specificity, and correctness of the State's motion to adjudicate guilt are unpreserved.

Ware complains generally that she was unaware of the consequences of her plea. Article 26.13 requires a trial court to give certain admonishments to a defendant before accepting a plea of guilty or nolo contendere. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Supp.). That said, as Ware notes, this Article does not apply to adjudication proceedings. *See Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003). Even so, Ware argues that the trial court abused its discretion in finding her plea of true voluntary because there was no discussion concerning the possible outcome of a plea.

Before accepting Ware's plea of guilt on the underlying offense of robbery, the trial court entered the required Article 26.13 written admonishments, including the applicable range of punishment. The order adjudicating her guilt warned her that she would remain on community

5

supervision "so long as [she] abide[d] by and [did] not violate the terms and conditions of community supervision." In signing the terms and conditions of her community supervision, Ware agreed that she understood them and that the trial court could "revoke or adjudicate [her] [c]ommunity [s]upervision upon a showing by the State that [she] ha[d] violated one or more of the conditions." Ware was represented by appointed counsel, and the trial court made clear that it was seeking her plea of true or not true on the offense of DWI for the purpose of ruling on the State's motion to adjudicate guilt.

In any case, we have held that Rule 33.1 of the Texas Rules of Appellate Procedure applies to a claim that a plea of true in a revocation or adjudication proceeding was involuntary. *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.). As a result, "challenges to the voluntariness of a plea [of true] must be raised before the trial court to preserve the complaint for review on appeal." *Id.* (citing *Sims v. State*, 326 S.W.3d 707, 713 (Tex. App.—Texarkana 2010, pet. struck) (citing *Mendez v. State*, 138 S.W.3d 334, 339, 350 (Tex. Crim. App. 2004)). Here, as in *Lively*, no complaint was made to the trial court before adjudication that the plea was involuntary and no motion for new trial raised this issue. *Id.* As a result, Ware has failed to preserve her complaint that her plea of true was involuntary. *See id.*

We overrule Ware's second point of error.

## III. Sufficient Evidence Supports the Trial Court's Finding of True

Next, Ware challenges the sufficiency of the evidence to support the trial court's finding of true. "We will review the trial court's decision to revoke community supervision for an abuse of discretion." *Id.* (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re*

6

*T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.)); *see Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). To revoke community supervision and proceed with adjudication of guilt, the State must prove every element of at least one ground for revocation by a preponderance of the evidence. *See Lively*, 338 S.W.3d at 143 ("If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown."); *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

"In a community supervision revocation hearing, the trial court is the sole trier of fact and determines the credibility of the witnesses and the weight to be given their testimony." *Lively*, 338 S.W.3d at 146 (citing *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd)); *see T.R.S.*, 115 S.W.3d at 321. A trial court's decision to revoke community supervision is examined "in the light most favorable to the trial court's ruling." *Id.* (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). With exception of failure-to-pay allegations made against indigent defendants who are unable to pay community supervision fines and fees, a plea of true standing alone is sufficient to support revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

After hearing testimony on the State's motion, the trial court asked Ware, "All right, ma'am. You have admitted on June 1st of 2019, you've pled 'true' to intentionally operating a motor vehicle under the influence. Right, ma'am?" After Ware responded again, "Yes, ma'am," the trial court said, "I'm going to adjudicate you guilty and convict you of this second-degree felony offense of robbery." We find that Ware's plea was sufficient to support the community supervision revocation.

7

The State also had alleged (1) in Allegation 2 that Ware committed DWI on March 15, 2019, and (2) in Allegation 8 that she failed to report to her community supervision officer in April and May. Ware's community supervision officer testified that Ware failed to report during the months of April and May, as alleged in the State's motion. Although Ware offered her excuses for failure to report in person, the trial court, as the fact-finder, was free to dismiss them. Also, Brandon Norman, a Texas highway patrolman, testified that he pulled Ware over on March 15, 2019, and determined that she was driving under the influence of "[s]ome kind of drug." Norman testified that he obtained a search warrant for her blood but that the results were still pending. We, therefore, find that the evidence was also sufficient to support Allegations 2 and 8.

Proof by a preponderance of the evidence on any one of the alleged violations is sufficient to support a trial court's decision to revoke community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Because we have concluded that the evidence was sufficient to support revocation on at least one ground, we need not address the remaining grounds for revocation. *See id.*; *Lively*, 338 S.W.3d at 143. We overrule Ware's third point of error.

## IV. Ware Cannot Show that Her Counsel Rendered Ineffective Assistance

Last, Ware argues that her counsel rendered ineffective assistance by failing to object to the State's two allegations that she intentionally operated a motor vehicle while intoxicated on June 1 and March 15, 2019, for lack of specificity. We find that Ware cannot show that her counsel rendered ineffective assistance.

As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "In order to prevail on a claim

8

of ineffective assistance of counsel, the defendant must satisfy the two-prong test set forth in *Strickland v. Washington.*" *Lampkin v. State*, 470 S.W.3d 876, 896 (Tex. App.—Texarkana 2015, pet. ref'd) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding)). "The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness." *Id*. at 896–97 (citing *Strickland*, 466 U.S. at 688). "This requirement can be difficult to meet since there is 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id*. at 897 (quoting *Strickland*, 466 U.S. at 689).

"When a claim of ineffective assistance of counsel is raised for the first time on direct appeal, the record 'is in almost all cases inadequate to show that counsel's conduct fell below an objectively reasonable standard of performance.'" *Parmer v. State*, 545 S.W.3d 724, 727–28 (Tex. App.—Texarkana 2018, no pet.) (quoting *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005)). Moreover, where the reviewing court "can conceive potential reasonable trial strategies that counsel could have been pursuing," the court "simply cannot conclude that counsel has performed deficiently." *Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). "[W]hen a party raises an ineffective assistance of counsel claim for the first time on direct appeal, the defendant must show that 'under prevailing professional norms,' *Strickland v. Washington*, 466 U.S. 668, 688 (1984), no competent attorney would do what trial counsel did or no competent attorney would fail to do what trial counsel failed to do." *Parmer*, 545 S.W.3d at 728 (citing *Andrews*, 159 S.W.3d at 102).

The appellant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Allegations of ineffectiveness "must 'be firmly founded in the record.'" *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (quoting *Thompson*, 9 S.W.3d at 813). The *Strickland* test "of necessity requires a case-by-case examination of the evidence." *Williams v. Taylor*, 529 U.S. 362, 382 (2000) (quoting *Wright v. West*, 505 U.S. 277, 308 (1992) (Kennedy, J., concurring in judgment)). "A failure to make a showing under either prong defeats a claim of ineffective assistance." *Parmer*, 545 S.W.3d at 728 (citing *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003)).

Ware argues that her counsel should have objected to the DWI allegations because they did not allege a crime. In other words, she argues, while the State's allegation said Ware was driving under the influence, it did not allege that she was intoxicated. The record is silent on why counsel failed to object or move to quash the motion to adjudicate. Because we determine (1) that it was reasonable for counsel to believe the action was unnecessary since he could reasonably believe Ware had fair notice of the DWI allegations and (2) that the adjudication allegations were not required to allege a crime with the specificity required of an indictment, we find that Ware cannot meet her burden under the first prong of *Strickland.*

"Texas courts have traditionally recognized that an application to revoke [or adjudicate guilt] is held to a less rigorous standard than an indictment or information." *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). "An application to revoke [community supervision or adjudicate guilt] need not meet the specificity requirements of an indictment or information." *Id*. (citing *Chacon v. State*, 558 S.W.2d 874, 876 (Tex. Crim. App. 1977); *Tamez v.*

10

*State*, 534 S.W.2d 686, 689 (Tex. Crim. App. 1976)).  But "[a] person on community supervision is entitled to a written application to revoke [or adjudicate guilt] that fully informs him or her of the term of [community supervision] he or she is alleged to have breached."  *Id*.  "It is sufficient that the State allege a violation of the law and give the probationer fair notice."  *Id*. (citing *Chacon*, 558 S.W.2d at 876).

Here, the State alleged that Ware violated the term and condition of her community supervision requiring her to refrain from committing an "offense against the law of this State" and that she, "**on or about the 1st day of June, 2019, in Panola County, Texas, did then and there intentionally operate a motor vehicle while under the influence**."  "Where, as here, the State alleges a violation of the condition that a probationer refrain from committing an offense against the law, the State need not use the same precise terms as necessary in an indictment allegation." *Id*. (citing *Bradley v. State*, 608 S.W.2d 652, 655 (Tex. Crim. App. 1980)).  Because counsel could have reasonably believed that the State provided Ware with fair notice of the basis for adjudication of her guilt, we can fathom why counsel chose to forgo a motion to quash the allegation.  *See id*.; *Moore v. State*, 11 S.W.3d 495, 499 (Tex. App.—Houston [1st Dist.] 2000, no pet.) ("All that is required is that the motion to revoke should fully and clearly set forth the basis on which the State seeks revocation so that a defendant and his counsel have notice.").  Counsel could have chosen not to object to a lack of specificity because he found it clear to Ware, as shown by the reporter's record, that the offense allegedly committed was DWI.  On this record, which is silent on counsel's reasoning, we find that Ware has failed to meet the first *Strickland* prong.

11

Ware also has not made a showing on the prejudice prong. "The second *Strickland* prong, sometimes referred to as 'the prejudice prong,' requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different." *Lampkin*, 470 S.W.3d at 897 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Ware argues that the State would not have been able to rely on the DWI allegations had counsel objected to them. We disagree. Since Ware has not shown that the State's motion to adjudicate failed to meet the fair-notice standard, she has not shown that there was a reasonable probability that the State's motion to adjudicate guilt would be quashed. Instead, an objection would have likely produced the result of a more detailed amended adjudication motion. As a result, we find Ware cannot meet the second *Strickland* prong.

We overrule Ware's last point of error.

## V. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     February 7, 2020
Date Decided:       February 10, 2020

Do Not Publish